[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-2462

 JOHN F. DIEKAN, CAPTAIN, U.S. ARMY,

 Plaintiff, Appellant,

 v.

 MICHAEL P.W. STONE, SECRETARY OF THE
 ARMY, ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Rya W. Zobel, U.S. District Judge]
 

 

 Before

 Torruella, Cyr and Boudin,
 Circuit Judges.
 

 

 John F. Diekan on brief pro se.
 
 A. John Pappalardo, United States Attorney, Annette Forde,
 
Assistant United States Attorney, Diana Moore, Major, United
 
States Aremy, U.S Army Litigation Division, and Lieutenant
 
Colonel W. Gary Jewell, U.S. Army Litigtion Division, on brief
 
for appellees.

 

 June 10, 1993
 

 Per Curiam. Plaintiff, an active duty officer in
 

the Judge Advocate General's Corps ("JAGC"), filed this

action challenging Army orders transferring him from Fort

Devens, Massachusetts to Camp Casey, Korea. Defendant moved

to dismiss the complaint for failure to state a claim upon

which relief can be granted. Fed. R. Civ. P. 12(b)(6).

After a careful and thorough review of the issues in light of

the test set forth in Penagaricano v. Llenza, 747 F.2d 55,
 

60-61 (1st Cir. 1984),

the district court dismissed plaintiff's complaint because it

presented a non-justiciable military controversy. See also
 

Mindes v. Seaman, 453 F.2d 197 (5th Cir. 1971). 
 

 On appeal plaintiff argues that the district court

erred by applying the wrong standard under Rule 12(b)(6).

Plaintiff urges that the court erroneously failed to resolve

all reasonable inferences in plaintiff's favor, and did not

require a showing that the facts alleged were undoubtedly

insufficient to make out claims based on violations of due

process, army regulations and breach of contract. 

 Plaintiff misperceives the focus of the court's

decision. The court did not undertake to determine whether

plaintiff's complaint alleged facts sufficient to make out

all the elements of a legally cognizable claim, the more

usual inquiry under Rule 12(b)(6). Rather, even assuming a

proper statement of the claims under substantive law, the

 -2-

court decided, as a matter of "policy akin to comity," that

these were not claims "upon which relief can be granted."

Fed. R. Civ. P. 12(b)(6); see Penagaricano, 747 F.2d at 60
 

(quoting Mindes, 453 F.2d at 199). Under our cases, that
 

decision necessarily required a candid assessment of the

"nature and strength" of the claims "in light of the policy

reasons behind nonreview of military matters." Penagaricano,
 

747 F.2d at 60 (quoting Mindes, 453 F.2d at 201). 
 

 We also reject plaintiff's remaining challenges to

the balance struck by the district court under each of the

policy factors, for essentially the same reasons as stated in

the district court's opinion.

 Affirmed. 
 

 -3-